UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARINA M. CARPENTER JENKINS,
THOMAS DENNIS BURNS, SR.,
J.A.K.B., and
T.D.B.III,

Plaintiffs,

v.

ANTHONY J. SCOTTA, *et al.*,

Defendants.

Case No. 2:17-cv-11781
Honorable Laurie J. Michelson
Magistrate Judge Stephanie Dawkins Davis

**ORDER REGARDING REPORT AND RECOMMENDATION [26] AND
DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER [12]**

Before the Court is Magistrate Judge Stephanie Dawkins Davis' Report and Recommendation. (R. 26.) At the conclusion of her April 3, 2018 Report and Recommendation, Magistrate Judge Davis notified the parties that they were required to file any objections within 14 days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (R. 26, PID 246.) Because Plaintiffs were served via mail, they had an additional three days to object, i.e., until April 20, 2018. *See* Fed. R. Civ. P. 6(d). But it is now April 27, 2018, and no objections have been filed.[1]

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party

---

[1] It appears that the copy of the Report and Recommendation served on one plaintiff, Carina M. Carpenter Jenkins, was returned as undeliverable. It is each party's responsibility to ensure that the address on file for this case is current.

shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC,* No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts her recommended disposition. It follows that this Court DENIES Plaintiffs' motion for a temporary restraining order (R. 12).

SO ORDERED.

Dated: April 27, 2018

s/Laurie J. Michelson
LAURIE J. MICHELSON
U.S. DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 27, 2018.

s/Keisha Jackson
Case Manager