UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CARINA CARPENTER JENKINS, | Case No.: 17-11781 |
| Plaintiff, | Laurie J. Michelson |
| v. | United States District Judge |
| ANTHONY J. SCOTTA, *et al.*, | Stephanie Dawkins Davis |
| | United States Magistrate Judge |
| Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS (Dkts. 57, 58)**

**I.   PROCEDURAL HISTORY**

Plaintiff Carina Carpenter Jenkins filed a complaint alleging violations of federal and state law on June 5, 2017 relating to Michigan State Court proceedings terminating the plaintiff's parental rights.[1]  (Dkt. 1).  District Judge Laurie J. Michelson assigned pretrial matters to the undersigned on July 18, 2017.  (Dkt. 7). Plaintiff filed an amended complaint entitled "Amended Petition" on August 30, 2017.  (Dkt. 9).  Later, without leave of court, plaintiff filed a second amended complaint, also entitled "Amended Petition," on July 16, 2018 (Dkt. 52), which the

---

[1] In an Order dated May 30, 2018, this Court found that Carina Carpenter Jenkins is the only plaintiff in this case, as she is the only party to have signed the operative Amended Complaint.  (Dkt. 43, at p. 3).

undersigned ordered stricken as improperly filed. Ten days after its filing, i.e. on July 26, 2018, the state defendants—Chatman, Day, Keller, and Wheeler—filed a motion to dismiss based on the second amended complaint. (Dkt. 57). On July 30, 2018, the state court defendants—Braxton, Evans Woods, and Smith—filed their motion to dismiss, raising the same arguments. (Dkt. 58).

## II. ANALYSIS AND RECOMMENDATIONS

Both sets of defendants filed motions to dismiss in which they raise two arguments. First, they seek to dismiss pursuant to Fed. R. Civ. P. 41(b) for plaintiff's failure to respond to the motions for more definite statement and for filing an improper second amended complaint. The Court ordered plaintiff to provide a response to the motions for more definite statement, including a written brief, by July 6, 2018. (Dkt. 50). Plaintiff did not respond to the motions, but instead filed a second amended complaint on July 16. (Dkt. 52).[2] Defendants argue that plaintiff's failure to file a response to the motions for more definite statement warrants dismissal because plaintiff's failure to respond was willful, has prejudiced defendants because they have had to spend time responding to meritless motions, and the Court warned plaintiff that failure to respond could result in dismissal. (Dkt. 57, at p. 7; Dkt. 58, at p. 5).

---

[2] In its order requiring a response to the defendants' motion, the Court did not suggest that filing an amended complaint was an appropriate or sufficient response, and plaintiff made no representation that the Second Amended Complaint should be deemed her response.

2

The "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. at 629-630. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991).  Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).  Here, it is unclear

whether plaintiff's failure to respond was willful, as there are no facts from which to draw this conclusion other than plaintiff's failure to respond itself. Further, it is noteworthy that Thomas Burns filed a response to the motions on behalf of himself and plaintiff (Dkt. 33), but his response (and other filings) were stricken because he is not a party to this action (Dkt. 43). It is not inconceivable that plaintiff thought Burns' response was sufficient.

As to the second factor, the defendants state that they have been prejudiced because they have been made to respond to meritless filings. Defendants are prejudiced under Rule 41(b) if they invest time and resources to defend an action plaintiff has apparently abandoned. *See Storke v. Troutt*, 2011 WL 933767, at *1 (M.D. Tenn. Mar. 17, 2011) (finding prejudice to defendants under Rule 41(b) where plaintiff's failure to respond made them unable to resolve claims against them and by expending resources defending an action plaintiff abandoned); *Curry v. Sallie Mae*, 2014 WL 505568, at *3 (E.D. Mich. Feb. 7, 2014); *see also Crawford v. Beaumont Hospital*, 2017 WL 744242, at *7 (E.D. Mich. Feb. 27, 2017) (finding prejudice to defendant under Rule 41(b) where defendant filed lengthy motions, plaintiff filed meritless objections to court orders, and plaintiff apparently abandoned the claims); *Kleiman v. Hurley*, 2011 WL 165400, at *1 (E.D.Ky. Jan. 19, 2011) (finding prejudice to defendants under 41(b) if they were

4

made to continue their defense where plaintiff declined to respond their motion to dismiss).

It does not appear that plaintiff has abandoned this action inasmuch as plaintiff has filed, albeit improperly, a second amended complaint as well as a recent motion for more time to respond. Thus, to the extent that there has been any prejudice, it does not stem from an abandonment by plaintiff. However, the undersigned finds that defendants have been made to respond to non-meritorious motions or filings, including the improper amended complaint. Notably however, many of the filings in this matter were made by Thomas Burns, and were stricken because Burns was not a proper party in this matter. (Dkt. 43). A review of the docket reveals that plaintiff has filed two motions (Dkts. 12, 59) – one before defendants' filing of the instant motions, and one (for an extension of time to respond) filed well after. However, as mentioned earlier, plaintiff did also file an improper second amended complaint instead of responding to defendants' motions for more definite statement. Hence, it is perhaps overstating the case to say that defendants have been made to respond to a <u>large number</u> of motions from plaintiff. Nevertheless, arguably responding to even one non-meritorious motion or filing (such as plaintiff's second amended complaint) requires a party to expend resources that would not otherwise be expended; and doing so can properly be characterized as prejudicial. *See Crawford*, 2017 WL 744242 at \*7 ("Crawford's

tactics also caused prejudice to Defendants. In addition to the lengthy motions that Defendants have filed on the assumption that Crawford would prosecute her case, Crawford's meritless objection to the show cause order engendered a response from OFS"). Notably, plaintiff's first motion was a motion for a temporary restraining order (Dkt. 12), which the Court denied because plaintiff failed to follow the procedural requirements of Rule 65 and neglected to set forth evidence suggesting that she could satisfy any of the four legal factors necessary for the issuance of a TRO. However, the Court did so without any response to the motion from defendants. (Dkts. 26, 34). Hence, the filing of that motion did not result in any prejudice to the defendants. On the other hand, as mentioned above, plaintiff's second amended complaint was, in fact, improperly filed. And, the filing of that complaint, which followed the Court's order for plaintiff to file a response to the defendants' motion for more definite statement, prompted defendants to expend resources to seek its dismissal. As such, the third factor, at least to some degree, weighs in defendants' favor.

    The final two factors do not weigh in favor of dismissal. To begin with, the court did not expressly warn plaintiff that failure to respond to the motions for more definite statement could result in dismissal of the case; rather, the Court warned that "**[f]ailure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party**". (Dkt. 50)

6

(emphasis in original). Plaintiff's failure to respond to the Court's order for responses to the motions prompted the Court to grant the primary relief defendants requested in the motions for more definite statement, i.e. for plaintiff to file an amended complaint providing a more definite statement of her claims in a separate Order.[3] Further, prior to defendants' filing of their motions to dismiss, the Court had not imposed or considered less drastic means such that dismissing the case now would be appropriate. The Court has since granted the defendants' motions and provided plaintiff 14 days within which to file a third amended complaint, but the time for plaintiff to do so has not yet expired. Consequently, these factors, on balance, do not warrant dismissal. Therefore, the undersigned recommends that the motion to dismiss the case pursuant to Rule 41(b) be denied.

Second, defendants move for dismissal of plaintiff's improperly filed second amended complaint based on Fed. R. Civ. P. 12(b)(1), and 12(b)(6). However, in a separate order, the second amended complaint (Dkt. 52) was stricken as improperly filed. As such, the undersigned recommends denying the motions to dismiss as moot at this juncture. Plaintiff has been granted until October 11, 2018 to file a more definite statement setting forth her claims, and the defendants will

---

[3] In their request for relief in the motion for more definite statement, the state defendants included a request to dismiss the case if plaintiff failed to respond to the motions within 14 days. (Dkt. 30, at p. 11-12). Instead of dismissing the case after 14 days had passed without a response, the Court ordered plaintiff to respond by July 6. The undersigned recommends that the Court refrain from granting the state court defendants' request to dismiss, as discussed herein.

have an opportunity to renew their motions if, upon evaluation of the new filing, they deem such action appropriate.[4]

## III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendants' motions to dismiss the case pursuant to Rule 41(b) (Dkts. 57, 58) be **DENIED** and their motion to dismiss the improperly filed second amended complaint be **DENIED AS MOOT**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

---

[4] While the undersigned acknowledges that one of defendants' bases for challenging plaintiff's claims rests on jurisdictional grounds under Rule 12(b)(1), in view of the Court's extension of time for plaintiff to file a third amended complaint, the court deems it appropriate to decline such an evaluation until the operative complaint has been established. In providing a more definite statement, the plaintiff will have the opportunity to provide more detailed claims that may render the defendants' challenge to subject matter jurisdiction moot.

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  September 27, 2018                s/Stephanie Dawkins Davis
                                          Stephanie Dawkins Davis
                                          United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on September 27, 2018, I electronically field the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by United States Postal Service to the following non-ECF participant: Carina M. Carpenter Jenkins, 1525 Newton St. NW, Washington, DC 20010

                                          s/Tammy Hallwood
                                          Case Manager
                                          (810) 341-7887
                                          tammy_hallwood@mied.uscourts.gov

9