UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARINA M. CARPENTER-JENKINS,
THOMAS DENNIS BURNS, SR.,
J.A.K.B., and
T.D.B. III,

      Plaintiffs,

v.

ANTHONY J. SCOTTA, *et al.*,

      Defendants.

Case No. 2:17-cv-11781
Honorable Laurie J. Michelson
Magistrate Judge Stephanie Dawkins Davis

**OPINION AND ORDER
OVERRULING PLAINTIFF'S OBJECTIONS [106, 111, 112] AND ACCEPTING
MAGISTRATE JUDGE'S RECOMMENDATION TO DISMISS COMPLAINT [110]**

      J.A.K.B. is the biological, minor daughter of Carina M. Carpenter-Jenkins and Thomas Dennis Burns Sr. In April 2015, J.A.K.B. was taken from Burns' custody and placed with J.A.K.B.'s aunt, Denise Burns. Carpenter-Jenkins maintains that Denise Burns has a track record of not being able to provide for her children. Carpenter-Jenkins maintains that she was not given a fair opportunity to maintain legal custody over J.A.K.B. In particular, Carpenter-Jenkins says that she was not given proper notice of parental-rights hearings in December 2016 and January 2017. And, says Carpenter-Jenkins, at the December 2016 proceeding that terminated her parental rights, false statements were made about her parenting qualifications, including that she was deceased. So, without aid of an attorney, Carpenter-Jenkins sued those she believes helped unlawfully terminate her parental rights over J.A.K.B. (*See* ECF No. 1, 9, 71, 90.) Among the

dozen or so defendants are state-court judges and Michigan Department of Health and Human Services social workers and caseworkers. (*See* ECF No. 9, PageID.32.)

The Court referred all pre-trial matters to Magistrate Judge Stephanie Dawkins Davis, and Carpenter-Jenkins now takes issue with two of the Magistrate Judge's orders and one of her reports and recommendations. In particular, Carpenter-Jenkins objects to Magistrate Judge Davis' recommendation to dismiss her case in its entirety. (ECF No. 112.) Carpenter-Jenkins also objects to the Magistrate Judge's order denying several motions seeking a default judgment. (ECF No. 106.) Third, Carpenter-Jenkins objects to the Magistrate Judge's order denying her request for Defendants to be indicted by a grand jury. (ECF No. 111.)

As explained below, the Court has reviewed Carpenter-Jenkins' objections and finds no reason to revisit the Magistrate Judge's determinations.

**I.**

Carpenter-Jenkins has filed five motions for "default judgment" (ECF No. 40, 46, 75, 85, 98) and one seeking leave to file a motion for default judgment (ECF No. 84). Prior orders by the Magistrate Judge resolved the first two such motions (*see* ECF No. 43, 56); the Magistrate Judge's June 2019 order denied Carpenter-Jenkins' three most recent motions for default judgment and her request for leave (ECF No. 105). Carpenter-Jenkins now objects to the June 2019 order. (ECF No. 106.)

For two reasons, the Court will overrule Carpenter-Jenkins' objection and affirm the Magistrate Judge's June 2019 order.

For one, Carpenter-Jenkins' objections to that order are not timely. The Magistrate Judge denied Carpenter-Jenkins' three most recent motions for a default judgment and the motion for leave on June 26, 2019, and mailed Carpenter-Jenkins her order that day. (*See* ECF No. 105.)

Because service was by mail, Carpenter-Jenkins had three additional days, seventeen in all, to file objections. *See* Fed. R. Civ. P. 6(a), (d). And because the seventeenth day was a Saturday, Carpenter-Jenkins had until the following Monday, July 15, 2019, to file her objections. *See* Fed. R. Civ. P. 6(a)(1)(C). Yet the date stamp from the Clerk's Office is July 16, 2019. So Carpenter-Jenkins' objections were filed a day late.

And even if this Court were to forgive a day, it would overrule Carpenter-Jenkins' objection because she has not shown that there is a basis for a default judgment. First, no defaults have been entered which is a prerequisite for obtaining a default judgment. *See* Devlin v. Kalm, 493 F. App'x 678, 685–86 (6th Cir. 2012). Also according to Defendants Tiana Chatman, Toni Day, Sharon Wheeler, and Rhondi Keller, they were served with the complaint on February 26, 2018. (ECF No. 17, PageID.186.) Carpenter-Jenkins has not shown otherwise. Michigan Third Circuit Judges Virgil Smith and Karen Braxton say there were served on February 26, 2018, and Michigan Third Circuit Referee Raeigen Evans says she was served on March 15, 2018. (ECF No. 18, PageID.193–194.) Carpenter-Jenkins has also not shown otherwise. So these seven defendants, except for Evans, were required to file a responsive pleading by March 19, 2018 (Evans had more time). Then, on March 19, these seven defendants asked for an extension of time to respond, which the Magistrate Judge later granted. (ECF No. 17, 18, 25.) Before that extension period expired, these seven defendants filed motions for more definite statement. (ECF No. 27, 30.) As the Magistrate Judge indicated (ECF No. 105, PageID.1101), a motion for more definite statement stops the twenty-one-day responsive-pleading clock, *see* Fed. R. Civ. P. 12(a)(4), (e); Arthur R. Miller, *et al.*, 5C Fed. Prac. & Proc. Civ. § 1378 (3d ed.) ("The pendency of a motion for a more definite statement postpones the movant's obligation to file his responsive pleading."). The Magistrate Judge ultimately granted the motions for more definite statement, and following

3

Carpenter-Jenkins' filing of a more definite statement, the seven defendants filed timely motions to dismiss. (ECF No. 71, 72, 73.) As such, Carpenter-Jenkins has not established a basis for entering a default judgment.

## II.

Carpenter-Jenkins also objects to the Magistrate Judge's order denying her motion for grand-jury indictments. (ECF No. 111.)

Similar to her objections to the order denying default judgment, Carpenter-Jenkins' objection to the order on grand-jury indictments appears to be two days too late. (*See* ECF No. 109 (August 9, 2019 order denying motion); ECF No. 111 (August 28, 2019 objection to order).)

And if the objection were timely (or if the Court were to excuse the tardy filing), the Magistrate Judge was correct to deny the motion. The decision to seek a grand-jury indictment is left to state and federal prosecutors. *See Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) ("In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion."); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Maehr v. United States*, No. 18-CV-02273, 2019 WL 3940931, at *1 (D. Colo. Aug. 21, 2019) ("Plaintiff cannot initiate a criminal investigation by filing a motion to impanel a grand jury.").

## III.

Remaining, then, is Carpenter-Jenkins' objections to the Magistrate Judge's recommendation to dismiss this case. (ECF No. 112.) Given the nature of Carpenter-Jenkins' two-

page objection, it is worthwhile to summarize the Magistrate Judge's forty-page report with special emphasis on the many legal doctrines that the Magistrate Judge applied.

Instead of recommending that this Court grant the pending motions to dismiss or strike filed by some defendants (ECF No. 73, 93, 95), the Magistrate Judge recommended that this Court *sua sponte* dismiss this case for lack of subject-matter jurisdiction and for "fail[ure] to state a claim on which relief may be granted" as that phrase is used in 28 U.S.C. § 1915(e)(2)(B)(ii). (*See* ECF No. 110, PageID.1154, 1159, 1162, 1184.) To be more specific, the Magistrate Judge first decided that she would consider the collective allegations in Carpenter-Jenkins' amended complaint (ECF No. 9), her more definite statement (ECF No. 71), and her "Third Amended Petition" (ECF No. 90). (*See* ECF No. 110, PageID.1152.) The Magistrate Judge then explained that because all three documents were filed after the initial screening in this case (Carpenter-Jenkins' complaint must be screened because she is proceeding without prepaying the filing fee), she would screen the allegations set out in the amended complaint, the more definite statement, and third-amended petition. (ECF No. 110, PageID.1153.) In conducting that screening, the Magistrate Judge found subject-matter jurisdiction lacking over many (perhaps all) claims and, to the extent that there was jurisdiction, that Carpenter-Jenkins' claims were subject to dismissal under § 1915(e)(2)(B)(ii).

Regarding subject-matter jurisdiction, the Magistrate Judge recommend that some of Carpenter-Jenkins' claims be dismissed under the *Rooker-Feldman* doctrine. (ECF No. 110, PageID.1154.) She further recommended that "those claims implicating the reversal of state child custody decrees" be dismissed under the domestic-relations doctrine. (*Id.* at PageID.1159).

And, said the Magistrate Judge, if the Court had subject-matter jurisdiction over some claims, Carpenter-Jenkins had failed to state a claim on which relief may be granted. (ECF No. 110, PageID.1162.) In that portion of her report, the Magistrate Judge made the following findings:

5

- Judge Braxton, Judge Smith, and Referee Evans were entitled to judicial or absolute immunity (*id.* at PageID.1163);

- Anthony Scotta, Carpenter-Jenkins' attorney in the custody proceedings, had not acted "under color of state law" as that phrase is used in 42 U.S.C. § 1983 (*id.*);

- Rhondi Keller, an attorney who represented the Department of Health and Human Services during the custody proceedings, was entitled to prosecutorial immunity (*id.* at PageID.1164) and, to the extent Keller acted beyond her duties as a prosecutor, Carpenter-Jenkins had merely pled that Keller was liable for failure to adequately supervise, which is not actionable under § 1983 (*id.* at PageID.1166, 1168);

- Toni Day, a caseworker for the Michigan Department of Health and Human Services, had absolute immunity from claims that she presented misinformation in court (*id.* at PageID.1169) and other claims against Day, including Day's alleged failure to provide notice of the parental-rights hearings, were barred by the domestic-relations doctrine (*id.* at 1170);

- Tianna Chatman, a social worker for the Michigan Department of Health and Human Services, was entitled to dismissal because Carpenter-Jenkins had not made specific allegations of wrongdoing against her (*id.* at 1174);

- Sharon Wheeler, a supervisor employed by the Michigan Department of Health and Human Services, should be dismissed because Carpenter-Jenkins had merely pled that Wheeler was liable for failure to adequately supervise, which is not actionable under § 1983 (*id.* at PageID.1175);

- Rick Snyder (Michigan Governor), Nick Lyon (Director of Michigan Department of Health and Human Services), and Steve Yager (Executive Director of MDHHS' Children's Services Agency) were entitled to sovereign immunity to the extent that they were sued in their official capacities for monetary relief (*id.* at PageID.1176), and to the extent that Lyon and Yager were sued in their individual capacities, Carpenter-Jenkins had merely pled that they were liable for failure to adequately supervise, which is not actionable under § 1983 (*id.* at PageID.1177, 1179);

- The Michigan Department of Health and Human Services and the Wayne County Department of Health and Human Services were entitled to sovereign immunity (i.e., Eleventh Amendment immunity) (*id.* at 1172);

- The Detroit Police Department, 9th Precinct, was not an entity that could be sued (*id.* at PageID.1180) and even if claims against that department were treated as claims against the City of Detroit, Carpenter-Jenkins had not adequately pled an unlawful policy or custom as required for claims under § 1983 (*id.* at PageID.1181); and

- Carpenter-Jenkins lacked standing to challenge the constitutionality of a Michigan statute pertaining to investigations into child abuse (*id.* at PageID.1183–1184).

Although Carpenter-Jenkins objects to the Magistrate Judge's recommendation to dismiss this case, she has not identified any material legal or factual error in the Magistrate Judge's report.

(*See generally* ECF No. 112.) Instead, her two-page objection asserts that unspecified defendants have made false statements about her parenting abilities (apparently during the December 2016 termination-of-parental-rights hearing). (ECF No. 112, PageID.1190.) Carpenter-Jenkins also asserts in her objection that she did not get notice of the December 2016 and January 2017 parental-rights proceedings. (*Id.* at PageID.1191.) She again stresses that Referee Evans' report falsely stated that she was deceased. (ECF No. 112, PageID.1191.) (As an aside, although Carpenter-Jenkins appears to be correct that the report says "deceased" (ECF No. 90, PageID.970), the remainder of the report suggests that the demarcation was a typo of sorts and that Evans recognized Carpenter-Jenkins was alive.) In her objection, Carpenter-Jenkins also asserts that unspecified defendants have included false and defamatory information about her in Michigan's Child Abuse and Neglect Central Registry. (ECF No. 112, PageID.1191.) That is largely the whole of Carpenter-Jenkins' objection to the Magistrate Judge's report. (*See* ECF No. 112.) Yet none of the assertions just summarized explain, let alone convincingly explain, why the Magistrate Judge was wrong to enforce the *Rooker-Feldman* doctrine, the domestic-relations doctrine, sovereign, judicial, absolute, and prosecutorial immunity, the prohibition on supervisory liability under § 1983, and the limits on Article III standing.

Because Carpenter-Jenkins has made no attempt to engage the Magistrate Judge's findings, she has effectively filed a general objection to the Magistrate Judge's report that is insufficient to trigger review by this Court. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (explaining that in previously adopting a rule that the failure to object waived appellate review, "we clearly thought that objections were to be specific in order to focus the busy district court's attention on only those issues that were dispositive and contentious"); *Farmer v. McBride*, 177 F. App'x 327, 330–31 (4th Cir. 2006) (providing that a district court "need not

conduct *de novo* review when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations"). Readdressing Carpenter-Jenkins' claims that Defendants wrongly deprived her of custody over J.A.K.B. when Carpenter-Jenkins' objection does not identify any problem with the way that the Magistrate Judge addressed those claims would undermine one of the primary purposes of the Federal Magistrates Act—efficiency. *See Howard*, 932 F.2d at 509 ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless."); *Dupree v. Warden*, 715 F.3d 1295, 1305 (11th Cir. 2013) ("Magistrate judges exist to improve access to the federal courts and help the district courts manage their massive dockets. . . . When district courts have specific objections before them, they can focus on the issues of contention."). Accordingly, the Court finds that Carpenter-Jenkins has forfeited review of the Magistrate Judge's report and so the Court will accept the Magistrate Judge's recommendation to dismiss this case.[1]

\* \* \*

For the reasons stated, the Court overrules Carpenter-Jenkins' objections (ECF No. 106, 111, 112). This Court thus accepts the Magistrate Judge's recommendation to dismiss Carpenter-Jenkins' claims for lack of subject-matter jurisdiction and for failure to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii). For those claims that the Magistrate Judge found

---

[1] The Court has some question about the applicability of the domestic-relations doctrine, but has been given no basis to question the many other, independent grounds for dismissal. And because Carpenter-Jenkins has forfeited review, the Court does not say whether it agrees or disagrees with the Magistrate Judge's legal bases for dismissal.

that this Court lacks subject-matter jurisdiction, those claims are DISMISSED WITHOUT PREJUDICE. The remainder of Carpenter-Jenkins' case is DISMISSED WITH PREJUDICE.

SO ORDERED.

Dated: September 26, 2019

        s/Laurie J. Michelson
        LAURIE J. MICHELSON
        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 26, 2019.

        s/Erica Karhoff
        Case Manager to
        Honorable Laurie J. Michelson